**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOY M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00553-TWP-DML |
| | ) | |
| ANDREW M. SAUL, Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Joy M.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. For the following reasons, the Court **remands** the decision of the Commissioner.

### I.   PROCEDURAL BACKGROUND

On October 3, 2016, Joy M. protectively filed an application for DIB. (Filing No. 9-2 at 15.) On October 13, 2016, she filed for SSI, alleging a disability onset date of December 1, 2015 in both applications. (Filing No. 9-2 at 15.) Her applications were initially denied on December 12, 2016, (Filing No. 9-2 at 135; Filing No. 9-2 at 139), and upon reconsideration on June 6, 2017, (Filing No. 9-2 at 144; Filing No. 9-2 at 147). Administrative Law Judge Kevin Walker (the "ALJ") conducted a hearing on October 26, 2018, at which Joy M., represented by counsel, and a vocational expert ("VE"), appeared and testified. (Filing No. 9-2 at 39-88.) The ALJ issued a

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

decision on January 22, 2019, concluding that Joy M. was not entitled to receive benefits. (Filing No. 9-2 at 12-31.) The Appeals Council denied review on December 17, 2019. (Filing No. 9-2 at 1.) On February 19, 2020, Joy M. timely filed this civil action, asking the Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to review the final decision of the Commissioner denying her benefits. (Filing No. 1.)

## II.    STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 404.1520(a)(4)(i).[2] At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning DIB and SSI, which are identical in most respects. *See, e.g.*, 20 C.F.R. § 416.920(a)(4)(i). The Court will take care to detail any substantive differences that are applicable to the case but will not always reference the parallel section.

combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. *See* 20 C.F.R. § 404.1520(a)(4)(iv)-(v). Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p (S.S.A. July 2, 1996), 1996 WL 374184). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy. *Id*.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Id*. (quotation omitted).  Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong."  *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Barnett*, 381 F.3d at 668.  When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).  An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion."  *Id*. (citation omitted).

## III.   FACTUAL BACKGROUND

When Joy M. filed, she alleged that she could no longer work because of heart problems with a history of a heart attack, chest pains, hernias, abdominal pain, arthritis, urinary incontinence, lower back pain, complications from a hernia surgery with a mesh implantation, and a thyroid disorder.  (Filing No. 9-3 at 70.)  She was 49 years old when her alleged disability began.  (*See* Filing No. 9-3 at 47.)  She has completed high school and worked as a supervising canvass worker and truck driver.  (Filing No. 9-3 at 71-72.)  The relevant evidence of record is amply set forth in the parties' briefs, as well as the ALJ's decision and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Joy M. was not disabled.  (Filing No. 9-2 at 30.)  The ALJ determined that Joy M. last met the insured status requirements for DIB on December 31,

2018. (Filing No. 9-2 at 17.) At step one, the ALJ found that Joy M. had not engaged in substantial gainful activity[3] since December 1, 2015, the alleged onset date. (Filing No. 9-2 at 17.) At step two, the ALJ found that Joy M. had "the following severe impairments: degenerative disc disease; arthritis; fibromyalgia; hernia; depression; anxiety; and post-traumatic stress disorder." (Filing No. 9-2 at 17 (citations omitted).) At step three, the ALJ found that Joy M. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Filing No. 9-2 at 20.) After step three but before step four, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently; stand or walk for up to six hours in an eight-hour workday; sit for up to six hours in an eight-hour workday; occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs; able to perform unskilled tasks that can be learned in 30 days or less; able to respond appropriately to supervision and coworkers in usual work situations; and able to deal with changes in a routine work setting.

(Filing No. 9-2 at 24-25.) At step four, the ALJ found, considering the VE's testimony and Joy M.'s RFC, that she could not perform any of her past relevant work as a finished metal repairer, delivery truck driver, canvass worker, and supervisor. (Filing No. 9-2 at 29.) At step five, considering Joy M.'s age, education, work experience, and RFC, as well as the VE's testimony, the ALJ concluded that Joy M. could have performed other work through the date of the decision with jobs existing in significant numbers in the national economy in representative occupations, such as a mail clerk and office machine operator. (Filing No. 9-2 at 29-30.)

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 416.972(a).

## IV.   <u>DISCUSSION</u>

Joy M. makes two assertions—arguing that the ALJ erred in assessing her RFC by: (1) relying on a stale reviewing consultant's opinion, ([Filing No. 15 at 15-19](#)), and (2) failing to include limitations with her ability to sustain work resulting from urinary incontinence and concentration-related deficits, ([Filing No. 15 at 19-25](#)).  The Court will address the issues, in turn, to the extent necessary to resolve the appeal.

### A.   <u>RFC Assessment</u>

The Seventh Circuit has held that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion."  *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) *as amended on reh'g* (Apr. 13, 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (remanding where a later diagnostic report "changed the picture so much that the ALJ erred by continuing to rely on an outdated assessment"); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (remanding after ALJ failed to submit new MRI to medical scrutiny))."

At the reconsideration stage, Joy M. alleged increased back and leg pain.  ([Filing No. 9-2 at 113](#).)  The state agency consultants reviewed treatment records showing that Joy M. had reduced range of motion limited by pain in her lower back and a positive straight leg-raising test on the left. ([Filing No. 9-2 at 114](#).)  However, the reviewing consultants found evidence supporting that Joy M.'s medically determinable impairments included only chronic heart failure, hernias, and a mood disorder.  ([Filing No. 9-2 at 114](#).)  The reviewing consultant who assessed Joy M.'s physical functioning did not review any diagnostic imaging of Joy M.'s spine.  (*See* [Filing No. 9-2 at 117](#).)

The ALJ gave "great weight" to the verbatim assessments of the reviewing consultants based on "the totality of the medical records in evidence." ([Filing No. 9-2 at 27](#).)  Likewise, the

ALJ's RFC assessment was verbatim concerning Joy M.'s physical ability to perform a range of light exertional work.  (*See*, *e.g.*, Filing No. 9-2 at 116-17.)

By the hearing stage, the updated record included multiple diagnostic images of Joy M.'s lumbar spine that established a medically determinable impairment.  (Filing No. 9-2 at 18.)  On June 13, 2018, the most recent MRI showed "[d]egenerative lumbar spondylosis most marked at L4-L5 with a generalized disc bulge and facet hypertrophy contacting the traversing left L5 nerve root."  (Filing No. 9-9 at 91-92.)

The ALJ's failure to submit the updated record for further medical scrutiny is reversable error. The full record confirmed a medically determinable impairment with nerve root involvement that appears to correspond with Joy M.'s left lower extremity signs and symptoms.  Accordingly, remand is necessary for further consideration of her physical RFC.

**B.**   **Ability to Sustain Work**

The Seventh Circuit has repeatedly cautioned that "someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be."  *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020) (collecting cases); *see Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (restricting hypothetical to unskilled work did not consider difficulties with memory, concentration, or mood swings).  The Seventh Circuit has explained that the RFC finding and resulting hypothetical to the VE must include the moderate limitations in concentration, persistence, or maintaining pace attributed to the claimant by the state agency consultant(s) in Section I of the Mental Residual Functional Capacity Assessment ("MRFCA") form.  *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (citing *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)); *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (citing

*Varga*, 794 F.3d at 816; *Yurt*, 758 F.3d at 854-55, 859).  That is, if the state agency assessments

were adopted by the ALJ.  *See Varga*, 794 F.3d at 809.

      The ALJ also gave "great weight" to the most recent reviewing psychological consultant's

assessment—adopting the narrative limitations as Joy M.'s mental RFC.  (*See* Filing No. 9-2 at

28.)  The ALJ detailed selected findings from the reviewing consultant's MRFCA form, as well as

the consultant's narrative assessment:

> On June 6, 2017, B. Randal Horton, Ph.D., a State Agency psychological
> consultant, reported the claimant is moderately limited in her ability to maintain
> attention and concentration for extended periods and in her ability to complete a
> normal workday and workweek without interruptions from psychologically based
> symptoms and to perform at a consistent pace without an unreasonable number and
> length of rest periods.  Dr. Horton added the claimant can understand, remember,
> and carryout simple unskilled tasks; can relate[] on at least a superficial basis and
> on an ongoing basis with coworkers and supervisors; attend to task[s] for sufficient
> periods of time to complete tasks; and manage the stresses involved with unskilled
> work.  (Exs. 6A and 8A).

(Filing No. 9-2 at 28 (citing Filing No. 9-2 at 131-32).)

      Despite identifying that the reviewing consultant had specifically assessed moderate

limitations with Joy M.'s abilities to (1) maintain attention and concentration for extended periods,

and (2) complete a workday and workweek at a consistent pace without interruptions, the ALJ

adopted the consultant's narrative assessment that did not include corresponding limitations with

those abilities.  While the ALJ may rely on the narrative assessment in some instances, doing so

when the narrative conflicts with the consultant's MRFCA form is generally reversable error.  *See*

*DeCamp*, 916 F.3d at 676 (citations above).  On this record, the general rule controls.  The facts

do not support specific exceptions recognized by case law to excuse the missing limitations.  The

ALJ also did not provide an explanation recognizing the conflict and resolving it with supportive

record evidence.  Accordingly, further consideration of Joy M.'s mental RFC is necessary on

remand.

Having found remand necessary for further consideration of Joy M.'s RFC concerning both her physical and mental limitations, the Court declines to address her remaining argument about the effects of her urinary incontinence.  On remand, as is always the case, the SSA must consider the functional effects of Joy M.'s combined impairments.

## V.     CONCLUSION

For the reasons stated above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date:  3/26/2021

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana